MARK B. MIZRAHI (CA State Bar No. 179384)
  mmizrahi@wrslawyers.com
MAX N. WELLMAN (CA State Bar No. 291814)
  mwellman@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582

Telephone:  (310) 478-4100
Facsimile:   (310) 479-1422

*Attorneys for Plaintiffs Kellytoy (USA),*
*Inc. and Kellytoy Worldwide, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KELLYTOY (USA), INC., a California corporation; and KELLYTOY WORLDWIDE, INC., a California corporation; | Case No. |
| | **COMPLAINT FOR:** |
| Plaintiffs, | **1. FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);** |
| vs. | **2. FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION (15 U.S.C. § 1125);** |
| DAN-DEE INTERNATIONAL, LTD., a Delaware corporation; RITE AID CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive, | **3. COMMON LAW TRADEMARK INFRINGEMENT** |
| | **4. CALIFORNIA COMMON LAW UNFAIR COMPETITION;  AND** |
| Defendants. | **5. CALIFORNIA STATUTORY UNFAIR COMPETITION** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT

1   Plaintiffs KELLYTOY (USA), INC., a California Corporation and
2   KELLYTOY WORLDWIDE, INC., a California Corporation (collectively,
3   "Kellytoy") bring this action against defendant DAN-DEE INTERNATIONAL,
4   LTD., a Delaware corporation ("Dan-Dee"), RITE AID CORPORATION, a
5   Delaware corporation ("Rite Aid"), and DOES 1 through 10 (collectively,
6   "Defendants") for injunctive relief and damages under the laws of the United States
7   and the State of California as follows:

8   ## JURISDICTION AND VENUE

9   1.   This action arises under the copyright laws of the United States, 17
10   U.S.C. § 101 *et seq.*, the trademark laws of the United States, 15 U.S.C. § 1125(a),
11   and under the statutory and common law of trademark/tradedress infringement and
12   unfair competition.

13   2.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367,
14   and 15 U.S.C. §§ 1116, 1117, 1121, and 1125.

15   3.   Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 and
16   1400(a).

17   4.   This Court has personal jurisdiction over Defendants, as Defendants are
18   doing business in California and this District and are subject to the jurisdiction of
19   this Court.  Indeed, defendant Dan-Dee actively distributes plush toys throughout
20   the state of California and this District.  Similarly, defendant Rite Aid has numerous
21   retail stores within the state of California and this District.  In addition, defendants
22   Dan-Dee and Rite Aid knowingly infringed on Kellytoy's copyrights and trade
23   dress, knowing that Kellytoy is a California resident, and thereby purposefully
24   directed their activities towards California.

25   ## NATURE OF THE ACTION

26   5.   This is an action for copyright infringement under the Copyright Act,
27   17 U.S.C. §§ 101, *et seq.*; and trade dress infringement, trademark infringement,
28   unfair competition and false designation of origin under the Lanham Act, 15 U.S.C.

§ 1125(a), California Bus. & Prof. Code § 17200, *et seq*., and the common law.

6.     Kellytoy's SQUISHMALLOW branded plush toys ("Squishmallows") – representative samples of which are depicted in **Exhibit 1** hereto – are one of the world's hottest plush toy lines.  Kellytoy's Squishmallows feature a highly distinctive and widely recognized trade dress, which Kellytoy pioneered and created.  Kellytoy actively markets its Squishmallows through numerous media outlets, including, without limitation, on social media, at tradeshows, through Squishmallows.com, amazon.com, Walmart.com, walgreens.com and target.com, and on Kellytoy's website, depicting images of its proprietary Squishmallows line of plush toys.

7.     Now that Kellytoy's Squishmallows have exploded in popularity, Kellytoy discovered that defendant Dan-Dee has been manufacturing and offering for sale to Rite Aid knock-off products for distribution within this state and district that infringe Kellytoy's trade dress and copyrighted design in its Squishmallows.

8.     Accordingly, to prevent and remediate the rampant consumer confusion and misappropriation of Kellytoy's copyrighted design in its Squishmallows resulting from Defendants' unauthorized promotion and sale of the Infringing Plush (defined below), and to compensate Kellytoy for its injuries, Kellytoy seeks immediate and permanent injunctive relief, compensatory damages, disgorgement of Defendants' profits, statutory damages, punitive damages, Kellytoy's reasonable attorneys' fees and expenses, a product recall, and corrective advertising sufficient to address Defendants' wrongdoing.

## THE PARTIES

9.     Kellytoy (USA), Inc. is a California corporation with its principal place of business located in Los Angeles, California.

10.     Kellytoy Worldwide, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

11.     Kellytoy is in the business of developing, manufacturing and selling

1   children's toys including, among other things, plush toys.

2       12.     On information and belief, defendant Dan-Dee International, LTD.

3   ("Dan-Dee") is a Delaware corporation with a place of business in New Jersey.

4       13.     Dan-Dee is in the business of manufacturing and selling children's toys

5   including, among other things, plush toys.

6       14.     On information and belief, defendant Rite Aid Corporation ("Rite

7   Aid") is a Delaware corporation with a place of business in Pennsylvania and

8   numerous stores in this judicial district.

9       15.     Rite Aid is in the business of owning and operating drug stores and

10  pharmacies throughout the United States and, on information and belief, this District

11  that sell various merchandise, including plush toys bearing third-party trademarks

12  and under its own private label, RITE STUFF.

13      16.     The true names and capacities of defendants sued herein as DOES 1-

14  10, inclusive, are unknown to Kellytoy, who therefore sues said defendants by such

15  fictitious names.  Kellytoy will amend this Complaint to allege their true names and

16  capacities when the same are ascertained.

17      17.     Upon information and belief, at all relevant times mentioned in this

18  Complaint, Defendants, and each of them, were acting in concert and active

19  participation with each other in committing the wrongful acts alleged herein, and

20  were the agents of each other and were acting within the scope and authority of that

21  agency and with the knowledge, consent and permission of one another.

22                              **BACKGROUND FACTS**

23              **Kellytoy and Its Protected Intellectual Property Rights**

24      18.     Kellytoy is engaged in the business of creating, manufacturing,

25  distributing and selling unique plush toys, including, without limitation, its

26  Squishmallows line of plush under the SQUISHMALLOW brand.  (*See, e.g.,*

27  **Exhibit 1**.)

28      19.     Kellytoy has been in business for approximately 35 years and in that

1    time has developed a reputation for producing high quality, unique, creative and

2    innovative plush toys that are highly prized in the industry.

3        20.    Kellytoy exerts great efforts to promote and preserve its image identity

4    and the image and identity of its high quality plush toys, including by creating

5    distinctive designs and marks for use on its products and seeking U.S. trademark

6    and copyright registrations for such designs and marks, including those at issue in

7    this Complaint.

8        21.    In 2016, Kellytoy conceived of and began creating its Squishmallows

9    line of plush toy designs, ultimately marketed in connection with the

10   SQUISHMALLOW trademark, that share common, unique features that distinguish

11   them from the goods of others. These designs are wholly original to Kellytoy and

12   comprise copyrightable subject matter under the laws of the United States.

13       22.    Kellytoy has been and is the sole owner of all right, title and interest in

14   and to the copyrights in the individual "characters" in the Squishmallows line and

15   the distinguishing, unique, and recognizable features that are common across the

16   Squishmallows line.  From 2016 to the present, Kellytoy has expended large sums

17   of money in developing, advertising and promoting these product designs through

18   the United States.  In fact, Kellytoy is spending approximately $50,000 per month in

19   direct to consumer and business-to-business advertising in connection with its

20   SQUISHMALLOW branded goods.

21       23.    Kellytoy sells a broad range of Squishmallows that feature the

22   brand's iconic trade dress, which is not easily reduced to writing, but includes,

23   without limitation: (1) substantially bell-shaped shaped plush toy animals/characters

24   (i.e. substantially oval in shape with substantially flat bottoms), (2) Japanese-

25   inspired minimalist and whimsical facial features, (3) a velvety velour-like-plush

26   exterior, and (4) stuffed with a "spongy," memory foam-like stuffing – as more fully

27   depicted in **Exhibit 1** hereto – features common to Kellytoy's line of Squishmallows

28   (collectively the "Squishmallow Trade Dress") which are the subjects of numerous

United States copyright registrations.  The plush designs depicted **in Exhibit 2** – a subset of Kellytoy's line of Squishmallows – comprise some of Kellytoy's most popular Squishmallows, which were created by or assigned to Kellytoy (the "Squishmallow Designs").  As set forth in greater detail below, these Squishmallow Designs are the subject of Copyright Registrations issued by the United States Copyright Office, pursuant to 17 U.S.C. §101 *et seq.*

24.     Continuously and without interruption, beginning in 2016, Kellytoy has expended a great deal of time, effort, and money in the promotion of its Squishmallows.  Due to Kellytoy's unique design, extensive marketing efforts, media coverage, and market penetration, the Squishmallow Trade Dress has acquired distinctiveness in the marketplace when applied to plush toys.  Indeed, because of Kellytoy's extensive promotional activities and widespread display of its Squishmallows directed to the public, and a consequence of Kellytoy's fair and honorable dealings with its customers, the relevant consuming public has come to recognize and associate plush toys bearing the Squishmallow Trade Dress as high quality goods connected with or offered by a single source, Kellytoy.  Squishmallow Trade Dress has valuable goodwill and consumer recognition associated with it and has come to symbolize the valuable goodwill and reputation of Kellytoy.

25.     In addition to being original and inherently distinctive, the Squishmallow Trade Dress is widely recognized by consumers.  A simple Internet search using the Google search engine yields about 120,000 "hits" for the search term "Squishmallow."

26.     In addition to marketing and selling them through thousands of retail stores nationwide, Kellytoy markets and sells its Squishmallows on its website <squishmallows.com> featuring dozens of copyright-protected photographs of its plush toys and models holding its Squishmallows. Copies of the homepage and other representative pages from <squishmallows.com> are attached as **Exhibit 3**.

27.     Further adding to their recognizability and secondary meaning in the

1  marketplace, Squishmallows have been featured in numerous magazines, press

2  articles, reviews, and videos, as set forth in greater detail in **Exhibit 4** hereto,

3  including many mainstream media outlets such as the *Washington Post*, the *Chicago*

4  *Tribune*, the *Daily Harold*, O*kay! Magazine*, among others.  By way of example

5  only, Squishmallows have been also recognized by The *Washington Post* and

6  *Consumer Reports* on their 2017 Holiday Gift Guides; *LA Parent* recognized

7  Squishmallows in its October 2017 issue, under the "Products We Love" section;

8  and, as depicted below, *OK!* Magazine featured Squishmallows in its August 21,

9  2017 issue, stating "Cuddly as they are cute, they make great couch pals, pillows

10 and bedtime buddies in any home.  Collect the whole squad!  squishmallows.com."



25     28.     Kellytoy's Squishmallows have also been featured in the October 2017

26 issues of *L.A. Parent Magazine*, *City Parent Magazine*, and *San Diego Family*

27 *Magazine* and included in the 2017 gift guides for various publications, including in

*The Washington Post*, *The Houston Chronicle*, and *L.A. Parent*.

29.     Kellytoy's Kellytoy's Squishmallows have also been the subject of numerous industry awards and product recommendation lists, including by the National Parenting Product Awards, Parents' Choice, and TTPM, as more fully set out in **Exhibit 4**.  In fact, Kellytoy's Squishmallows were named by *Toy Insider* as one of the "Top Holiday Toys," made the cover the September/October 2017 *Toy Book Magazine*, and have been featured in numerous other trade magazines, such as, *Teddy Bear and Friends Magazine* and *Animal Tales Magazine*.

30.     Kellytoy's Squishmallows have also been the subject of extensive marketing campaigns, including email campaigns, social media posts, and direct to consumer advertising.  Kellytoy's Squishmallows currently have more than 18,000 Instagram followers, more than 26,000 Facebook followers – more than many longer-existing and well-known plush brands. To its followers, Kellytoy regularly publishes photographs of its Squishmallows. Many of these followers, in turn, share these posts with their friends and social media followers. A copy of Squishmallows Instagram page is attached as **Exhibit 5**.

31.     In addition, hundreds of well-known YouTube influencers and vloggers have shared and posted images and videos of themselves holding plush toys in Kellytoy's line of Squishmallows products. Tens of thousands of consumers have done the same through numerous media platforms, including, Facebook, Instagram, Pinterest and YouTube. These posts have generated millions of "likes" and "shares."

32.     Fans have been extremely engaged on social media, including Facebook and Instagram, demonstrating their awareness and affection for Kellytoy's Squishmallows, with the average Squishmallows post likes on Instagram hovering over 1000+ per post and 45-100 average comments per post.

33.     Kellytoy's Squishmallow website traffic has grown exponentially since its launch in 2017 to an average of 4,313 visits per day.

34.     Kellytoy's Squishmallows are listed amongst the leading global brands

and toys such as Hatchimals, Hasbro, RB, Hot Wheels, NERF, and Spin Master by several industry publications.

35.     As a direct result of Kellytoy's efforts at promoting and building its brand, Kellytoy's Squishmallows line has exploded in popularity, creating substantial demand for and interest in Squishmallows, and generating enormous goodwill in the Squishmallows brand and the Squishmallows Trade Dress in the United States and around the world.  In fact, Kellytoy's Squishmallows are sold through hundreds of retailers including some of the largest retailers in the country, including, approximately 1000 Costco stores, 5,500 Walmart stores, 8,500 Walgreens stores, 4,000 Kroger supermarkets and Fred Meyer stores, 2000 Target stores, 900 Party City stores, amongst other outfits such as Dave & Busters, Knotts Berry Farms and numerous others.

36.     Since the summer of 2017, Kellytoy has sold well in excess of a whopping 5 million (5,000,000) units of Squishmallows with no indication that sales will be slowing down anytime soon.  Kellytoy's Squishmallows products embodying the Squishmallows Trade Dress have yielded tens of millions of dollars of sales in the U.S. over the past year.

37.     In fact, Kellytoy's Squishmallows sold out through Walgreens.com during their Gift of the Week promotion in early November 2017, as well as exceeding all sales goals for the campaign, both online and in stores.

38.     Because of Squishmallows' massive success and popularity, consumers have come to associate Kellytoy's high-quality Squishmallows plush toys with the Squishmallows Trade Dress and, conversely, have come to recognize the Squishmallow Trade Dress as a designation of source.

## **Defendants' Unlawful Conduct**

39.     At the outset, none of the defendants to this action is licensed or otherwise authorized by Kellytoy to market or distribute products bearing or embodying Kellytoy's Squishmallow Designs and/or Squishmallow Trade Dress.

40.     Upon information and belief, sometime in spring of 2018, notably well after Kellytoy established its reputation in its Squishmallow Trade Dress, Defendant Dan-Dee entered into an agreement with defendant Rite Aid to have Dan-Dee sell and supply to Rite Aid various plush toys bearing substantially similar copies of Kellytoy's Squishmallow Designs and Squishmallow Trade Dress (hereinafter referred to as "Infringing Plush") for distribution by Rite Aid through its United States stores.  Photographs of the Infringing Plush bearing Dan-Dee and Rite Aid's trademarks are collectively attached hereto as **Exhibit 6**.

41.     Upon information and belief, Dan-Dee offered to sell the Infringing Plush to Rite Aid in the United States, corresponded across state lines with Rite Aid in the United States concerning the production, sale, and distribution of the Infringing Plush, and transported samples of the Infringing Plush to Rite Aid in interstate commerce.

42.     Upon information and belief, Defendants are currently producing in, and intend to import from, China a production run of the Infringing Plush into the United States for the purpose of having the Infringing Plush enter interstate commerce and/or to be transported or used in interstate commerce through the same channels of trade through which Kellytoy sells its Squishmallows plush.

43.     Upon information and belief, Dan-Dee has agreed to sell the Infringing Plush to Rite Aid at prices that were/are relatively lower than the prices charged by Kellytoy for its Squishmallows plush.  Kellytoy is informed and believes that Dan-Dee is able to undercut Kellytoy's sales prices because Dan-Dee has, rather than investing in creating its own designs and identity, copied Kellytoy's proprietary Squishmallow Designs and Squishmallow Trade Dress and because Defendants' Infringing Plush are of inferior quality as compared to Kellytoy's SQUISHMALLOW branded plush.

44.     In fact, Kellytoy met with buyers from Rite Aid in 2017 during which Kellytoy showed the buyers Kellytoy's Squishmallows line of products together

1   with pricing therefor, after which, Kellytoy suspects that Rite Aid submitted

2   Kellytoy's bid, together with facsimiles of the designs, to defendant Dan-Dee to

3   obtain a competing bid from Dan-Dee for copies thereof.

4        45.     Kellytoy is informed and believes that Defendants, without Kellytoy's

5   consent or permission, intend to sell, advertise, promote, display, and distribute, toys

6   bearing Squishmallow Designs and Squishmallow Trade Dress in United States

7   commerce.

8        46.     The activities of Defendants in copying, distributing, advertising,

9   selling, offering for sale and otherwise using the Squishmallow Trade Dress

10  embodied in the Infringing Plush – including by wholesalely copying the shape and

11  look – constitute false designation of origin regarding sponsorship of those plush

12  toys and falsely represent to the public that Defendants' plush toys originate from

13  Kellytoy, and/or that Defendants' plush toys have been sponsored, approved or

14  licensed by Kellytoy, or in some way affiliated or connected with Kellytoy.  Such

15  activities of Defendants are likely to confuse, mislead, and deceive Defendants'

16  customers, purchasers, and members of the public as to the origin of the toys bearing

17  the Squishmallow Trade Dress, or to cause such persons to believe that Defendants'

18  Infringing Plush and/or Defendants have been sponsored, approved, authorized, or

19  licensed by Kellytoy or in some way affiliated or connected with Kellytoy, all in

20  violation of 15 U.S.C. §1125(a).

21       47.     Upon information and belief, the activities of Defendants were done

22  willfully with full knowledge of the falsity of such designations of origin and false

23  descriptions or representations, with the intent to trade on the enormous goodwill

24  Kellytoy has earned in its Squishmallows, and with the intent to cause confusion,

25  and to mislead and deceive the purchasing public into believing that the products

26  Defendants sell are directly sponsored by, authorized, by, associated with, or

27  originate from Kellytoy.

28       48.     Defendants, by their unauthorized copying and use of Kellytoy's

Squishmallow Designs and Squishmallow Trade Dress, have engaged and will engage in acts of copyright infringement, unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Kellytoy's good will and the public acceptance of Kellytoy's original works.  Defendants activities will damage the reputation, business and good will of Kellytoy nationally and in this judicial district.

49.     Upon information and belief, unless enjoined by the Court Defendants will continue and further escalate their infringing activities.

50.     Kellytoy has no adequate remedy at law.  Thus said activities of Defendants have caused and, if not enjoined, will continue to cause irreparable, immediate and impending harm and damage to Kellytoy's business, and to the business, business reputation and good will of Kellytoy.

## FIRST CAUSE OF ACTION

### (Federal Copyright Infringement -- 17 U.S.C. §501)

(Against all Defendants)

51.     Kellytoy repeats and realleges each and every allegation above as though fully set forth herein.

52.     Kellytoy owns a valid copyright in the Squishmallow Designs. The Squishmallow Designs are original, decorative, and non-functional.  After having had access to Kellytoy's Squishmallow Designs, Defendants, without authorization from Kellytoy, have designed, manufactured, distributed, advertised, offered for sale and/or sold the Infringing Plush bearing designs that Defendants copied from the Squishmallow Designs.

53.     All of the Squishmallow Designs were originally created by Kellytoy or were assigned to and are owned by Kellytoy.

54.     The Squishmallow Designs comprise original works of authorship that may be copyrighted under United States law.  In fact, Kellytoy has complied with requirements of Title 17 of the United States Code with respect to the registration of

Kellytoy's unicorn and pig Squishmallow Designs depicted in **Exhibit 2**, as evidenced by United States Copyright Registration Nos. VA0002096020, VA0002093075, and VA0002093070, entitling Kellytoy to the exclusive rights and privileges in and to the above-referenced copyrights.  These copyright registrations are valid and subsisting.

55.     Upon information and belief, before and after the date of registration/application of the copyrighted Squishmallow Designs and continuing to date, Defendants have imitated, displayed, reproduced, distributed, and/or created derivative works from the subject matter embodied in the Squishmallow Designs in connection with Defendants' manufacture, promotion, and solicitation and acceptance of orders for the sale of Defendants' Infringing Plush unicorn design depicted in **Exhibit 7**.

56.     Defendants' acts are in violation of the exclusive rights of the copyright holder to reproduce, distribute, display, and create derivative works from the copyrighted Squishmallow Designs, as articulated in 17 U.S.C. § 106.  Defendants have thereby infringed Kellytoy's copyrights in the Squishmallow Designs.

57.     Such activities and conduct has caused Kellytoy injury for which it is entitled to recover under 17 U.S.C. § 504.

58.     On information and belief, Defendants' infringing acts were committed with knowledge or in reckless disregard of Kellytoy's exclusive rights in the Squishmallow Designs.

59.     On information and belief, as a result of Defendants' copyright infringement, they have made substantial profits and gains to which they are not entitled to retain.

60.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have caused and will continue to cause irreparable injury to Kellytoy, for which Kellytoy has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing their imitation, copying, display,

distribution, reproduction and creation of derivative works from the works embodied in the copyrighted Squishmallow Designs, these injuries will continue to occur.  Accordingly, Kellytoy is entitled to preliminary and permanent injunctions restraining Defendants' infringing conduct, pursuant to 17 U.S.C. § 502.

### SECOND CAUSE OF ACTION

**(Trademark Infringement, False Designation of Origin and False Description -- 15 U.S.C. §1125)**

(Against All Defendants)

61.     Kellytoy repeats and realleges each and every allegation of paragraphs 1 through 50 above as if fully set forth herein.

62.     The Squishmallow Trade Dress is non-functional and highly distinctive, and has become associated in the public mind with plush toy products of the highest quality and reputation finding their origin in a single source, Kellytoy.

63.     Kellytoy owns all right, title and interest in and to the Squishmallow Trade Dress.

64.     Without Kellytoy's authorization or consent, and having knowledge of Kellytoy's prior rights in the Squishmallow Trade Dress, Defendants have designed, manufactured, distributed, advertised, offered for sale and/or sold and/or will soon commence distribution, advertising, offers for sale, and sale of replicas of the Squishmallow Trade Dress to the consuming public in direct competition with Kellytoy, in or affecting interstate commerce.

65.     The Infringing Plush designs are confusingly similar to the Squishmallow Trade Dress.  Defendants' use of the Squishmallow Trade Dress has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Kellytoy's goodwill and reputation as symbolized by the Squishmallow Trade Dress.

66.     Defendants' use and further threatened uses of the Squishmallow Trade

Dress thus constitutes trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

67.     As a direct and proximate result of Defendants' unlawful conduct, Defendants have misappropriated Kellytoy's rights in the Squishmallow Trade Dress, as well as the goodwill associated therewith, and have diverted sales and profits from Kellytoy to Defendants. Thus, as a direct and proximate result of Defendants' acts of willful infringement, Kellytoy has suffered and/or will suffer damage to its valuable brand and reputation, and other damages in an amount to be proven at trial, including Defendants' profits and Kellytoy's lost profits.

68.     Defendants' actions described above will cause, have caused, and will continue to cause irreparable damage to Kellytoy, unless Defendants are restrained by this Court.  Kellytoy has no adequate remedy at law with regard to Defendants' infringing conduct.  Accordingly, Kellytoy is entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116, restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using Kellytoy's Squishmallow Trade Dress, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products.

69.     Defendants' aforesaid acts are exceptional within the meaning of 15 U.S.C § 1117.

### THIRD CAUSE OF ACTION

### (Common Law Trademark Infringement)

(Against all Defendants)

70.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 50 and 62 through 65 as though fully set forth herein.

71.     Defendants have violated Kellytoy's exclusive common law rights in the Squishmallow Trade Dress.

72.     Kellytoy has continuously used its Squishmallow Trade Dress to

identify its goods in California and elsewhere, and to distinguish them from goods of a different origin.  As such, Kellytoy has common law rights to the Squishmallow Trade Dress.

73.     Defendants' acts described above constitute trade mark infringement under the common laws of the United States, including California.

### FOURTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

(Against all Defendants)

74.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 50 and 62 through 65 as though fully set forth herein.

75.     This claim arises under the common law of the State of California relating to unfair competition.

76.     Defendants' Infringing Plush incorporate matter constituting reproduction, copies and colorable imitation of Kellytoy's Squishmallow Trade Dress.  Defendants' unauthorized use of Kellytoy's Squishmallow Trade Dress constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the parties' products and to cause purchasers to believe Defendants' products are authentic products of Kellytoy when in fact they are not.

77.     Upon information and belief, Defendants have intentionally appropriated Kellytoy's Squishmallow Trade Dress with the intent of causing confusion, mistake, and deception as to the source of their goods and with the intent of palming off their goods as those of Kellytoy and to place others in the position to palm off their goods as those of Kellytoy.  Defendants have thus committed unfair competition under the common law of the State of California.

78.     By their actions in infringing Kellytoy's Squishmallow Trade Dress, Defendants are improperly trading upon the reputation and good will of Kellytoy and are impairing Kellytoy's valuable rights in its Squishmallow Trade Dress.

79.     Upon information and belief, said activities of Defendants alleged herein were and are willful and intentional acts of unfair competition.

80.     Kellytoy has no adequate remedy at law.  Thus said activities of Defendants have caused, if not enjoined, will continue to cause irreparable harm and damage to the rights of Kellytoy in its Squishmallow Trade Dress and to its business reputation and good will.

81.     Upon information and belief, Defendants have engaged in their unlawful conduct alleged herein intentionally, maliciously, fraudulently and oppressively entitling Kellytoy to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (California Statutory Unfair Competition –
### California Bus. & Prof. Code § 17200, *et seq.*)

(Against all Defendants)

82.     Kellytoy repeats and re-alleges each and every allegation of paragraphs 1 through 50, 62 through 66, 71 through 73, and 75 through 78, as though fully set forth herein.

83.     By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of California Business and Professional Code Section 17200 et seq.

84.     Said activities of Defendants have caused, if not enjoined, and will continue to cause irreparable harm and damage to the rights of Kellytoy in its Squishmallow Trade Dress and to its business reputation and good will.  Kellytoy has no adequate remedy at law for these wrongs and injuries.  The damage to Kellytoy includes harm to its goodwill and reputation in the marketplace that money cannot compensate.  Accordingly, Kellytoy is entitled to a preliminary and permanent injunction restraining and enjoining Defendants' and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on

their behalf, from using Kellytoy's Squishmallow Trade Dress, or any colorable imitation or variation thereof, in connection with the sale and/or marketing of any products.  Kellytoy is further entitled to recover its costs and attorneys' fees incurred in bringing and prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Kellytoy prays for judgment against Defendants as follows:

1.    That Defendants, their officers, members, directors, agents, servants, employees, successors, licensees, representatives, successors, assigns, and all persons acting in concert or participation with them, be permanently enjoined and restrained from:

(i) Manufacturing, importing, distributing, advertising, offering to sell or selling the Infringing Plush or any colorable imitations of the Squishmallow Designs and/or Squishmallow Trade Dress;

(ii)  Using the Squishmallow Trade Dress or any confusingly similar trade dress in connection with plush or other toys;

(iii) Using the Squishmallow Trade Dress, or any confusingly similar mark, in connection with the advertisement, offer to sell or sale of any toy products;

(iv) Using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands or other sources identifiers created by Defendants, or their toys, are affiliated with, associated with, authorized by, or otherwise connected to Kellytoy, or that Defendants are authorized by Kellytoy to use the Squishmallow Trade Dress or Squishmallow Designs;

(v)  Copying, distributing, displaying or making derivative works of the Squishmallow Designs;

-18-
COMPLAINT

1

(vi) Engaging in any other activity constituting unfair competition with Kellytoy, or constituting infringement of the Squishmallow Trade Dress or Squishmallow Designs; and

(vii) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (vi) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (vi) above.

2.     That Defendants be directed to file with the Court and serve on Kellytoy, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

3.     That the Court direct any third parties providing services to Defendants in connection with any infringing and/or enjoined conduct, including social media platforms (*e.g.*, Instagram, Facebook, Twitter), online marketplaces (*e.g.*, Alibaba, eBay, Etsy, AliExpress, Amazon, Taobao), online payment providers, including credit card companies (*e.g.*, PayPal, Visa) and other service providers (*e.g.*, Google, GoDaddy, LiveChat, Shopify) to cease providing services to Defendants in connection with the offer for sale and sale of the Infringing Plush or any other products using or embodying the Squishmallow Trade Dress or Squishmallow Designs.

4.     That Defendants be required to pay Kellytoy such damages as it has sustained as a consequence of Defendants' infringement of the of the Squishmallow Trade Dress and trebling of those damages under 15 U.S.C. § 1117;

5.     Adjudge that each of the Defendants, by its unauthorized use of Kellytoy's the Squishmallow Trade Dress for plush toys, and such other acts as it

may have undertaken relating to the Squishmallow Trade Dress, have violated Kellytoy's rights under 15 U.S.C. § 1125(a), under California state law (including, without limitation, Cal. Bus. & Prof. Code § 17200 *et seq.*), and under common law, and that they have done so willfully and for the purpose of violating Kellytoy's rights and damaging Kellytoy's goodwill and reputation in the Squishmallow Trade Dress;

6.     Direct Defendants to provide Kellytoy with an identification in writing of any and all entities that are presently using the Squishmallow Trade Dress in the United States on Defendants' behalf and inform them that they must immediately cease such use;

7.     Direct Defendants to immediately recall any and all merchandise previously provided to any United States entity under the Squishmallow Trade Dress or Squishmallow Designs;

8.     Enter an order, pursuant to 15 U.S.C § 1118, directing Defendants to deliver for destruction all products, brochures, marketing materials, decals, stickers, signs, prints, packages, receptacles, wrappers, boxes, and advertisements in their possession or under their control, bearing any unauthorized copy of any of the Squishmallow Trade Dress, or any simulation, reproduction, counterfeit, copy, confusingly similar likeness, or colorable imitation thereof, and all plates, molds, matrices, programs and other means of making same;

9.     Enter an order, pursuant to 17 U.S.C. § 503(a), impounding all of Defendants' products that infringe Kellytoy's copyrights in the Squishmallow Designs, as well as any plates, molds, matrices, programs, or other articles by means of which copies of the works embodied in the Squishmallow Designs may be produced;

10.     Enter an order, pursuant to 17 U.S.C § 503(b), requiring the destruction of all copies of Defendants' products that infringe Kellytoy's copyright in the Squishmallow Designs, as well as any plates, molds, matrices, programs, or other

1 │ articles by means of which copies of the works embodied in the Squishmallow

2 │ Designs may be produced;

3 │     11.    That each Defendant provide Kellytoy in writing with the following

4 │ information relating to Defendants' goods marketed, advertised, offered for sale, or

5 │ sold under the Squishmallow Trade Dress or Squishmallow Designs:

6 │     (i)    the name, address and telephone number of each and every United

7 │            States entity to whom Defendants have made available or otherwise

8 │            provided any such products; and

9 │     (ii)   a full accounting as to the precise dollar amount of such products made

10 │            available or provided and the profits recognized by Defendants in

11 │            connection with such actions;

12 │     12.    Direct Defendants to pay the costs of corrective advertising;

13 │     13.    Direct Defendants to pay Plaintiffs' attorneys' fees and costs incurred

14 │ in initiating and prosecuting this action;

15 │     14.    Direct Defendants to pay punitive damages and exemplary damages

16 │ according to proof;

17 │     15.    That Kellytoy recover its actual damages, Kellytoy's lost profits, and

18 │ Defendant's profits arising from Defendants' conduct complained-of herein;

19 │     16.    That the Court award enhanced profits and treble damages;

20 │     17.    That Kellytoy be awarded statutory damages;

21 │     18.    That Kellytoy be awarded interest, including pre-judgment

22 │ interest, on the foregoing sums;

23 │     19.    That the Court direct such other actions as the Court may deem just and

24 │ proper to prevent the public from deriving the mistaken impression that any

25 │ products or services offered, advertised, or promoted by or on behalf of Defendants

26 │ are authorized by Kellytoy or related in any way to Kellytoy's products or services;

27 │ and

28 │ / / /

20. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  June 15, 2018            WOLF, RIFKIN, SHAPIRO,
                                SCHULMAN & RABKIN, LLP


                                By:  _____/s/ Mark B. Mizrahi_____
                                     MARK B. MIZRAHI
                                     MAX N. WELLMAN
                                Attorneys for Plaintiffs
                                KELLYTOY (USA), INC. and
                                KELLYTOY WORLDWIDE, INC.

3132951.1

COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand and request a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated:  June 15, 2018                    WOLF, RIFKIN, SHAPIRO,
                                        SCHULMAN & RABKIN, LLP


                                        By: _____/s/ Mark B. Mizrahi_____
                                              MARK B. MIZRAHI
                                              MAX N. WELLMAN
                                        Attorneys for Plaintiffs
                                        KELLYTOY (USA), INC. and
                                        KELLYTOY WORLDWIDE, INC.

3132951.1

COMPLAINT